NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HARRY DUNLEAVY, | : | |
| Plaintiff, | : | Civil Action No. 04-1154 (KSH) |
| v. | : | **OPINION** |
| MONTVILLE TOWNSHIP, MONTVILLE BOARD OF EDUCATION, SANDRA ALON, STEVEN KRAMER, ROSALIE LAMONTE, LORRAINE WATSON and J. FRANK VESPA-PAPALEO, | : | |
| Defendants. | : | |

### Katharine S. Hayden, U.S.D.J.

In this employment case, plaintiff has sued for relief under the Federal Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD"). Defendants Montville Board of Education, Sandra Alon and Steven Kramer (collectively "defendants") have moved for summary judgment on grounds that plaintiff has failed to make out a *prima facie* case of discrimination, or alternatively, has failed to demonstrate that their proffered legitimate nondiscriminatory reason for not hiring him was pretextual.

### Background and Procedural History

The following factual background is established by the record, which includes plaintiff's deposition and certification with attached exhibits, defendant Sandra Alon's certification with

-1-

attached exhibits, the pleadings, and both parties' statements of material facts submitted pursuant to L. Civ. R. 56.1.

In order to fill two mathematics teaching positions for the 2002-2003 school year, Montville High School posted an advertisement that indicated a New Jersey Teaching Certification was required, and teaching experience was preferred. On July 3, 2002, plaintiff sent his resume, a cover letter, and a copy of his teaching certification to Dr. Rosalie Lamonte, Montville Township Superintendent of Schools. Plaintiff was then 60 years old, and his resume reflected that he was at least in his mid-to-upper fifties. His credentials showed he had a Master's Degree in Mathematics and Education and teaching certifications for both the State of New Jersey and the State of New York; he had published several articles; he was currently employed as an adjunct professor of Mathematics at Sussex County Community College; and he had worked as a mathematics teacher from 1968 to 1977 in New York. Plaintiff was invited to the school for an initial interview.

Steven Kramer, Principal of Montville High School, and Sandra Alon, the Supervisor of Business and Mathematics, interviewed numerous applicants, including plaintiff. After the interview, plaintiff was not invited back for the second round of interviews with Superintendent Lamonte. Ultimately, Kimberly Deamer, 28, and Jeffrey Schutzer, 43, were offered and accepted the advertised position.

Plaintiff filed a complaint based on age discrimination with the New Jersey Division of Civil Rights and the Equal Employment Opportunity Commission, both of which found no probable cause and dismissed the action. Thereafter plaintiff, acting *pro se*, timely filed in federal court. After amending his complaint several times and retaining counsel, plaintiff

-2-

dismissed all claims against defendant Montville Township; all civil right claims; and dismissed

certain defendants, leaving in the Montville Board of Education, Principal Kramer, and

Supervisor Alon.

## Standard of Review

Summary judgment is appropriate where the moving party establishes that "there is no

genuine issue as to any material fact" such that it is "entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(c). A factual dispute will not defeat a summary judgment motion unless the

dispute is both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986). At the summary judgment stage, the Court's "function is not [itself] to weigh the

evidence and determine the truth of the matter but to determine whether there is a genuine issue

for trial." Id. at 249. In so doing, the Court must construe the facts and all inferences that

reasonably could be drawn therefrom in a light most favorable to the non-moving party. Bailey

v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002).

## Discussion

The parties have analyzed the issues according to the burden-shifting framework

originally set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), and the

Court agrees this three-step process is appropriate in assessing whether plaintiff's age

discrimination claims survive summary judgment. See Reeves v. Sanderson Plumbing Products,

Inc., 530 U.S. 133, 142 (2000) (applying McDonnell Douglas test in a lawsuit arising under the

ADEA); Keller v. Orix Credit Alliance Inc., 130 F.3d 1101, 1108 (3d Cir. 1997) (same).

Under the familiar analysis, the plaintiff must first establish a *prima facie* case of

discrimination, and if he does, the burden of production shifts to the employer to "articulate some

-3-

legitimate, nondiscriminatory reason for the employee's rejection." Fuentes v. Perskie, 32 F.3d

759, 763 (3d Cir. 1994). Once the employer satisfies its burden of articulating a legitimate,

nondiscriminatory reason for its action, "the burden of production rebounds to the plaintiff, who

must now show by a preponderance of the evidence that the employer's explanation is

pretextual." Id. Throughout this burden-shifting paradigm the ultimate burden of proving

intentional discrimination always rests with the plaintiff. Id.

A.    *Prima Facie* Showing

       A plaintiff must show the following to satisfy his initial burden:

       (1) that he belongs to a protected class;
       (2) that he applied for and was qualified for the job;
       (3) that despite his qualifications, he was rejected; and
       (4) that the employer either ultimately filled the position with someone sufficiently
       younger to permit an inference of age discrimination or continued to seek applicants from
       among those having the plaintiff's qualifications.

See, e.g., Barber v. CSX Distribution Services, 68 F.3d 694, 698 (3d Cir. 1995). There is no

dispute that this plaintiff was over 40; defendants rejected his application for a teaching position;

and defendants offered the position to two younger applicants. Defendants assert, however, that

plaintiff cannot prove he was qualified for the vacant mathematics position at Montville High

School simply by pointing to his credentials articulated in his resume, contending these "basic"

credentials do not automatically qualify plaintiff for a teaching position. They argue that the

decision to hire a particular candidate was also based on that individual's ability to incorporate

technology into his/her daily lesson and the amount of recent public high school teaching

experience he/she had. (Certification of Sandra Alon, ¶¶ 17, 21.) Defendants claim plaintiff

lacked both. (Defts' Brief, at 13.)

-4-

There is no hard and fast rule covering what exactly a plaintiff must show in order to establish a <u>McDonnell Douglas</u> *prima facie* case. <u>Fasold v. Justice</u>, 409 F.3d 178, 185 n. 10 (3d Cir. 2005). Here, plaintiff argues he was qualified for the teaching position because he is certified to teach in the State of New Jersey; completed his Master's Degree in Mathematics and Education; and had recent teaching experience as an adjunct professor at Sussex County Community College. (Pltf's Opposition, at 11-12.) For purposes of meeting the relatively minimal requirements of a *prima facie* showing, the Court finds these credentials make plaintiff "qualified," a finding bolstered by defendants' decision to bring him in for an initial interview based on a resume that lacked recent high school teaching experience and computer based credentials.

B.     Defendants' Proffered Reason

Defendants assert a legitimate, nondiscriminatory reason for plaintiff's rejection through Supervisor Alon's affidavit, which attests that it became apparent during the interview that plaintiff was not sufficiently familiar with Excel, PowerPoint, TI 83 and TI 85 calculators, and geometry sketch pads, and lacked knowledge of current teaching methodologies and trends. (Alon Cert., ¶ 19-23.) Alon states that the successful candidates, Deamer and Schutzer, satisfied all necessary requirements and their "demeanor and presentation of themselves during their interviews [made it] abundantly clear that Ms. Deamer and Mr. Schutzer were more qualified than Mr. Dunleavy to teach mathematics at Montville High School." (<u>Id.</u>, ¶¶ 24, 31.) Defendants enjoy a "relatively light burden" in articulating a legitimate, nondiscriminatory reason for their action. <u>Fuentes</u>, 32 F.3d at 763. Here, the Court concludes defendants have met their burden of production. Because neither side suggests there was any direct evidence of

-5-

discrimination, this case turns on whether plaintiff has adduced evidence of pretext such that a reasonable factfinder could decide in his favor on his allegations that he was not hired because of his age.

The Third Circuit has recognized two ways of demonstrating pretext. A plaintiff can present evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication." Fuentes, 32 F.3d at 762. Or a plaintiff can present evidence that "allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Id.

Under the first prong – creating sufficient doubt as to the proffered rationale – the plaintiff must present evidence that suggests defendants' decision "was so plainly wrong that it cannot have been the employer's real reason." Keller, 130 F.3d at 1109. It is not enough for a plaintiff to merely submit evidence tending to show that defendants' decision was wrong or a mistake. He/she must "demonstrate such weaknesses, implausibilities, inconsistences, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy credence." Id. This rigorous standard is placed on a plaintiff because "federal courts are not arbitral boards ruling on the strength of [the employment decision]. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [age discrimination]." Id. (citing Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir.1996)).

Under the brief heading, "DEFENDANTS [sic] REASON FOR REJECTING [plaintiff's] APPLICATION WAS A PRETEXT FOR DISCRIMINATION," plaintiff states that the

-6-

"subterfuge of excuses offered for not hiring Mr. Dunleavy seem to offer plenty of evidence to disbelieve any articulated reason." (Pltf's Opposition, at 12.)  This is both confusing and conclusory; critically, plaintiff fails to show record support for disbelieving defendants.  A conclusory allegation is insufficient under Fuentes to rebut defendants' proffered nondiscriminatory reason.  See also Keller, 130 F.3d at 1109; Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985) (stating that a party resisting a summary judgment motion "must set forth specific facts showing that there is a genuine issue for trial" and "cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions").

Reading plaintiff's brief as a whole, the Court discerns that he is attempting to make the argument he was the superior candidate because he taught mathematics at Sussex County Community College and had a Master's Degree in Mathematics and Education and a teaching certificate from the State of New Jersey.  (Pltf's Opposition, at 10.)  He seizes on the fact he was invited for an interview and argues he did have recent teaching experience; was familiar with the program behind geometry sketch pads; and had used computers in the classroom to enable students to check their answers.  (Id. at 10-11.)  Given these predicates, plaintiff appears to be saying that defendants' choice of someone else had to be the result of age discrimination.

First, plaintiff ignores the practical reality that the invitation to come in for an initial interview did not assure victory.  The purpose of these initial interviews was to screen candidates for several key requirements, including the candidate's ability to make a good presentation, the level of experience, preferably high school experience, his/her ability to apply current New Jersey Standards to the classroom, and his/her willingness to incorporate technology into the daily curriculum.  (Alon Cert., ¶¶ 19, 21.)  The record establishes that plaintiff admitted at the

-7-

interview that he had no experience using computers to teach in the classroom; had no

knowledge of, or experience with, geometry sketch pads; and had not held a permanent high

school teaching position since 1977. (See Pltf's Local Rule 56.1 Statement of Material Facts, ¶¶

20, 22; Deposition of Harry Dunleavy, at 18:12-14, 24:3-5 and 143:21-11.) In contrast, Deamer

had prior experience in incorporating TI 83 and TI 85 calculators and geometry sketch pads into

her daily curriculum; had taught high school mathematics continuously from 1996 to the time she

was hired by Montville; and had knowledge of current teaching methodologies and strategies.

(Alon Cert., ¶¶ 25-27.) As for Schutzer's qualifications, Supervisor Alon asserts he taught

mathematics and computer science at the college and high school level continuously from 1993

to the time hired by Montville; had a Bachelor of Science in Computer Science; and displayed

the ability to implement current teaching methodologies. (Id., ¶¶ 29-31.)

Plaintiff attempts to counter defendants' approval of the other two candidates by alleging

he did have recent teaching experience; was familiar with the program behind geometry sketch

pads; and had used computers in the classroom to enable students to check their answers. At

best, these *post hoc* clarifications illustrate plaintiff was arguably qualified, but they do not reveal

*discriminatory intent* behind defendants' decision to go with the other candidates. Further,

plaintiff has not presented any evidence to dispute the credentials of Deamer and Schutzer. In

short, plaintiff does not adduce facts demonstrating that defendants' proffered reason "was so

plainly wrong that it cannot have been the employer's real reason." Keller, 130 F.3d at 1109. It

is not the function of this Court to second-guess managerial decisions concerning the relative

qualifications of competing applicants and subjectively weigh factors it considers important. Id.

Another means by which a plaintiff defeats summary judgment at this stage of the

-8-

analysis is through evidence that "allows the factfinder to infer that discrimination was more

likely than not a motivating or determinative cause of the adverse employment action." Keller,

130 F.3d at 1111. "For example, the plaintiff may show that the employer has previously

discriminated against [the plaintiff], that the employer has previously discriminated against other

persons within the plaintiff's protected class, or that the employer has treated more favorably

similarly situated persons not within the protected class." Jones v. School District of

Philadelphia, 198 F.3d 403, 413 (3d Cir. 1999) (citing Simpson v. Kay Jewelers, Division of

Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998)).

      Plaintiff seeks to use Montville school district's hiring profile for the 2002-2003 school

year as evidence that defendants disproportionately hire younger teachers – showing that

plaintiff's age was a motivating factor. (Pltf's Opposition, at 12.)  But plaintiff's brief and

certification on this point are confusing and inconsistent.  For example, his brief reads as follows:

> [O]nly 10 of the approximately 23 teachers that have been hired in the fifties [sic].
> Hatch Cert., ¶ 40.  Of these 23 individuals, only two were hired for a position in the
> mathematics department.[1]

(Pltf's Opposition, at 12.)  In contrast, plaintiff's certification states, "In 2002, the Montville

school district employed only 23 employees over the age of fifty.  The mathematics department

has hired only 2 employees over the age of fifty."  (Dunleavy Cert., ¶ 19.)  Defendants argue that

the statistics presented by plaintiff should be disregarded.  (Defts' Reply, at 3.)  The Court

agrees.

---

[1] Defendants correctly point out that plaintiff improperly relies on the "Hatch Cert."
(Defts' Reply, at 3.)  The "Hatch Cert." was not submitted in support of, nor does it relate to,
defendants' application in this matter.  The Court is only familiar with this term because it
appeared in a separate discrimination lawsuit brought by plaintiff against a different school
district.

-9-

After scouring plaintiff's exhibits and certification, which did not match up on this point, the Court located a chart appearing to provide ages of teachers and years of experience in the district. Consistent with the muddled information discussed above, this exhibit is confusing and not probative and the Court will not attempt to decipher it. Accordingly, plaintiff's statistical evidence, such as it is, does not support the inference that discrimination was more likely than not a motivating or determinative cause of the adverse employment action.

## Conclusion

Plaintiff has made bald allegations of age discrimination that are not supported by specific facts that tend to prove discrimination and thereby rebut defendants' proffered nondiscriminatory reason. Gans, 762 F.2d at 341. Plaintiff has failed to adduce evidence of pretext, through either of the means identified in the applicable legal analysis, such that a reasonable factfinder could decide in his favor on his allegations that he was not hired because of his age. The Court grants defendants' motion for summary judgment on plaintiff's federal age discrimination claim. His state law claim based on age discrimination falls along with the ADEA claim, because relevant legal principles applied to ADEA claims are the same as those applicable under NJLAD. See Keller v. Orix Credit Alliance Inc.,130 F.3d 1101, 1114 n. 5 (3d Cir. 1997); McKenna v. Pacific Rail Serv., 32 F.3d 820 (3d Cir.1994) (predicting New Jersey Supreme Court would follow Hicks ); Grigoletti v. Ortho Pharmaceutical Corp., 570 A.2d 903 (N.J.1990) (McDonnell Douglas scheme applies under NJLAD); Erickson v. Marsh & McLennan, 569 A.2d 793, 798 (N.J. 1990) (analyzing sex discrimination pursuant to NJLAD under the McDonnell Douglas framework); Burke v. Township of Franklin, 619 A.2d 643 (N.J. Super. App. Div.1993) (looking to ADEA in interpreting NJLAD).

-10-

Accordingly, defendants' motion for summary judgment is **granted** in its entirety.  An

appropriate Order will be entered.


August 4, 2005_____ _____                    /s/ Katharine S. Hayden _____ ___

_____
_____ _____**Katharine S.  Hayden, U.S.D.J.**

-11-